**NOT PRECEDENTIAL**

**UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT**

No. 15-3173

CLEAN JERSEY SOLAR LLC,
                                        Appellant

v.

EFFISOLAR ENERGY CORPORATION, a Canadian Corporation
authorized to do business in the State of New Jersey

v.

JOHN M. CARUSO; SCOTT CARUSO

On Appeal from the United States District Court
for the District of New Jersey
(District Court No.: 3:12-cv-02008)
District Judge: Honorable Michael A. Shipp

Submitted under Third Circuit LAR 34.1(a)
on July 15, 2016

Before:  SMITH, ROTH, and RENDELL, Circuit Judges
(Opinion filed: August 12, 2016)

O P I N I O N*

**RENDELL**, Circuit Judge:

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

1

Clean Jersey Solar, L.L.C. ("Clean Jersey") sued Effisolar Energy Corporation ("Effisolar") for breach of contract arising from a real-estate transaction in which Effisolar had agreed to buy land from Clean Jersey which Effisolar was to convert into a solar generating facility. The parties agree that Effisolar breached the agreement but dispute damages. In accordance with the liquidated-damages clause in the contract, the District Court awarded Clean Jersey the monies Effisolar had deposited up to the point of the breach. Clean Jersey, however, contended that it was owed an additional $200,000 in damages. The District Court disagreed and limited the award to the liquidated damages, granting Effisolar's motion to dismiss with respect to additional damages. Clean Jersey appeals. We will affirm.

## BACKGROUND

Clean Jersey agreed to sell Effisolar land on which a solar generating facility would be built. Effisolar agreed with Clean Jersey that it (Effisolar) would purchase solar engineering plans for the property from PJM Interconnection, LLC, a regional transmission organization that operates electric transmission systems. The Agreement specified that Effisolar would "be responsible for all PJM interconnections." JA65. The contract further stated that, in the event that Effisolar were to terminate the Agreement for whatever reason, Clean Jersey would be entitled to the PJM plans "free and clear, such that [Clean Jersey] shall have the right to proceed with these applications and approvals and remove [Effisolar]'s name from same." JA65. A provision of the contract, which the District Court characterized as a "liquidated damages clause," provided that: "In the event [Effisolar] is in default, [Clean Jersey] shall be entitled to retain all of its

2

Deposit monies as liquidated damages as well as free and clear ownership of all [PJM plans]." JA68. After the Agreement, the parties signed an Amendment. In relevant part, the Amendment stated that if Effisolar did not close on the property, Clean Jersey would be entitled to "have the right to full ownership [of the PJM plans] free of any claims from [Effisolar] or any of its subcontractors." JA71.

One day before Effisolar's payment to PJM for the engineering plans was due, Effisolar informed Clean Jersey that it would not make the payment to PJM. If payment was not made, PJM would not create the engineering plans. Rather than lose the PJM plans, Clean Jersey itself voluntarily paid $200,000 to PJM. Effisolar then informed Clean Jersey it would not be purchasing the real estate, in breach of the contract. Clean Jersey therefore retained Effisolar's deposit in the amount of $309,500, and then filed suit against Effisolar seeking an additional $200,000 for the payment made to PJM. Clean Jersey moved for summary judgment on the issue, and Effisolar filed a motion to dismiss. Clean Jersey urged that the provision regarding its right to the plans "free and clear" meant that Effisolar should be required to pay for the plans if Effisolar defaulted. The Court granted Effisolar's Motion to Dismiss as to this issue, reasoning that the parties bargained for specific damages, or liquidated damages, and that no additional damages beyond those specified could be collected.

**STANDARD OF REVIEW**

We review a grant of a motion to dismiss under a plenary standard. *Delaware Nation v. Pennsylvania*, 446 F.3d 410, 415 (3d Cir. 2006). To survive a motion to dismiss, a "complaint must contain sufficient factual matter, accepted as true, to 'state a

3

claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

## DISCUSSION[1]

This case turns on the definition of "free and clear" in the liquidated-damages clause.[2] A liquidated-damages clause provides for agreed-upon damages in the event of a breach by either party. *See* Restatement (Second) of Contracts § 356. When interpreting a contract we determine the intentions of the parties based on the language used. *Onderdonk v. Presbyterian Homes of N.J.,* 425 A.2d 1057 (N.J. 1981).

Clean Jersey argues that it was owed the additional $200,000 it paid to PJM for the plans because "free and clear" meant it was to receive the plans without any outstanding balances due. Effisolar argues that (a) the liquidated-damages clause entitled Clean Jersey to the retain the deposit monies, and no other monies; and (b) that "free and clear" merely meant that Clean Jersey would have the right to the PJM plans without any claim of ownership by Effisolar or its subcontractors.

We conclude that "free and clear," in the context of the contract, means only that Clean Jersey had a right to the PJM plans and documents that were in existence at the time of the breach without any claim to ownership of those plans by Effisolar. The contract contains several provisions indicating that this "free and clear" reading is

---

[1] We have jurisdiction under 28 U.S.C. §1291. The District Court had diversity jurisdiction under 28 U.S.C. §1332.

[2] We may consider the contract in our analysis of Effisolar's Motion to Dismiss, as the contract is a concededly authentic document that was attached as an exhibit to Clean Jersey's Answer to Effisolar's counterclaims. *See Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

4

correct. In one provision, the parties agreed that, in the event Effisolar were to terminate the Agreement for whatever reason, Clean Jersey would be entitled to the PJM plans "free and clear, such that [Clean Jersey] shall have the right *to proceed with* these applications and approvals and remove [Effisolar's] name from the same." JA65 (emphasis added). This language does not relate to Clean Jersey's right to payment, but rather its right to proceed with any applications or plans that were, at the time of the breach, completed, without competing claims from Effisolar. Moreover, in an amendment to the contract, the parties agreed that if Effisolar were not to close on the property, Clean Jersey would be entitled to "full ownership [of the PJM plans] free of any claims *from* [*Effisolar*] or any of its subcontractors." JA71 (emphasis added). This again reveals that the "free and clear" provision meant only that Effisolar could not make any claims to ownership of those plans and applications, as they existed at the time of the breach. Therefore, Clean Jersey is limited to the liquidated damages in the amount of the deposit, $309,500, and cannot recover the $200,000 it voluntarily paid to PJM to produce the plans.

## CONCLUSION

We will therefore affirm the District Court's Order denying Clean Jersey's Motion for Summary Judgment in part and granting Effisolar's Motion to Dismiss in part.[3]

---

[3] The motions also addressed Clean Jersey's claim that it was owed an additional $50,000 for Effisolar's separate breach of the Amendment. The District Court awarded summary judgment for Clean Jersey on this claim. That ruling is not before us on appeal.

5